[File No. 5929.]

EMIL KRAUTH, Appellant, v. P. S. JUNGERS and Fred Schwenk, Respondents.

(237 N. W. 778.)

Opinion filed July 6, 1931. Rehearing denied August 22, 1931.

*Sullivan, Hanley & Sullivan*, for appellant.
*P. S. Jungers* and *Otto Thress*, for respondents.

BURKE, J. The plaintiff brings this action to redeem from a redemption made by the defendant Schwenk from the foreclosure sale under a first mortgage on the N. E. ¼ of section 15, twp. 139, r. 91 of Stark county, N. D., and to set aside a mortgage on said premises given by defendant Schwenk to the defendant Jungers, after Schwenk had secured a sheriff's deed to said land on his redemption. The plaintiff claims, he had an agreement with Schwenk to redeem from Schwenk, after the statutory time for redemption had expired; that the defendant Jungers was a party to the agreement and that by reason of the agreement and the conduct of the defendants they are estopped to deny plaintiff's right to redeem.

The trial court made findings of fact and conclusions of law favorable to the defendants upon which judgment was duly entered dismissing the action on the merits from which judgment plaintiff appeals demanding a trial de novo of the entire case.

On the 12th day of March 1928, the land involved was conveyed to the plaintiff. The encumbrance against it at that time was one mortgage to George Mayer, dated December 1, 1922, for the sum of $1200.00, a second mortgage dated on the same day for the amount of $60.00 to the defendant Fred Schwenk, and a third mortgage to the First National Bank of Hebron for the sum of $2390.00 dated January 20, 1927, and a judgment in favor of Fred Schwenk in the sum of $314.11. The first mortgage was foreclosed and the premises were sold on April 28, 1928. On March 30, 1928, plaintiff purchased the mortgage to the First National Bank of Hebron and on the 5th of May, 1928, purchased the certificate of sale executed at the foreclosure sale of the first mortgage, and assigned the same to the defendant Jungers as security for a loan. On the 22nd of April, 1928, defendant Schwenk redeemed from the foreclosure sale, and it is conceded that he was a redemptioner and entitled to redeem.

It is the contention of the appellant, first, that by agreement between the plaintiff and defendant, the time for redemption was extended; and second, that if there was no agreement or promise to extend the time of redemption that the defendants were guilty of fraud and deceit amounting to bad faith, and by reason thereof, appellant was prevented from redeeming at the time provided by law.

It is conceded that the appellant did not redeem within the statutory time and the only questions in the case are, first, was there an extension of time? Second, if there was no extension, was there fraud or deceit on the part of the defendant which prevented the appellant from redeeming? Both questions of fact were decided adversely to appellant by the trial court, and we are of the opinion, that he is amply sustained in the record and the judgment is affirmed.

CHRISTIANSON, Ch. J., and BURR, NUESSLE, and BIRDZELL, JJ., concur.